IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

FILED

2011 MAR 14  P 4: 45

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| DSM Dyneema B.V.<br>Mauritslaan 49, 6129EL Urmond, The Netherlands;<br><br>and<br><br>DSM IP Assets B.V.<br><br>    Het Overloon 1, Heerlen<br>    The Netherlands 6411TE<br>    both corporations of The Netherlands<br><br>    Plaintiffs,<br><br>v.<br><br>Magid Glove and Safety Manufacturing Company, LLC<br>    a limited liability company of Illinois;<br><br>Magid Glove and Safety Corp.,<br>    an Illinois corporation<br><br>and<br><br>Magid Mfg. Co., Inc.<br>    an Illinois corporation<br><br>    2060 North Kolmar Avenue<br>    Chicago, Illinois  60639<br><br>    Defendants. | Civil Action No. 1:11cv 256<br><br>LMB/TCB |

### COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION UNDER SECTIONS 32 AND 43(a) AND (c) OF THE LANHAM ACT, COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT, PALMING OFF, AND UNFAIR AND DECEPTIVE TRADE PRACTICES

Plaintiffs, DSM Dyneema B.V. and DSM IP Assets B.V. (hereafter collectively "DSM" or "plaintiffs"), through their attorneys, complain as follows:

1771735

## PARTIES

1. Plaintiffs DSM Dyneema B.V. and Plaintiff DSM IP Assets B.V. are corporations of The Netherlands having their principal places of business at Mauritslaan 49, 6129EL Urmond, The Netherlands and Het Overloon 1, Heerlen, The Netherlands 6411TE, respectively. They are referred to collectively herein as "DSM" or "Plaintiffs".

2. Upon information and belief, defendant Magid Glove and Safety Manufacturing Company LLC ("Magid LLC") is a limited liability company of Illinois with a place of business at 2060 North Kolmar Avenue, Chicago, Illinois 60639, which engages in interstate commerce and maintains a sales force in each of the lower 48 United States, including in this judicial district.

3. Upon information and belief, defendants Magid Glove and Safety Corp. and Magid Mfg. Co., Inc. ("Magid Corp." and "Magid, Inc.") are Illinois corporations having a place of business at 2060 North Kolmar Avenue, Chicago, Illinois 60639.

4. Each Magid entity has the same business address, and at least some of its officers, directors, principal owners and/or registered agents in common with the other Magid entities. Magid LLC, Magid Inc. and Magid Corp. are collectively referred to as "Magid" or "Defendants."

## JURISDICTION AND VENUE

5. This is an action for statutory trademark infringement and dilution under Sections 32, 43(a) and (c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), for common law palming off, trade name and trademark infringement, and for unfair and deceptive trade practices. This Court has subject matter jurisdiction under 15 U.S.C. §1121(a); 28 U.S.C. §1331, 28 U.S.C. §1338 (a) and (b), and U.S.C. §1367(a).

6. This Court has personal jurisdiction over Magid in this Commonwealth and district under Virginia's long-arm statute, Code of Virginia §8.01-328.1. A1 and 2, and the Due Process Clause of the

Constitution since Magid regularly conducts business in this Commonwealth and district and has committed acts of infringement in this jurisdiction.

7. Venue is proper in this judicial district under Title 28, United States Code, §1391(b) and (c) because, *inter alia*, Magid is subject to personal jurisdiction in this district and therefore resides in this district.

## COUNT I

### COMMON LAW AND STATUTORY TRADEMARK AND TRADE NAME INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF §§ 32 AND 43(a)(1)(A) and (B) OF THE LANHAM ACT (15 U.S.C. §§ 1141 AND 1125 (a))

8. Since its adoption and first use of the DYNEEMA® trademarks, at least as early as the mid 1980s, DSM has marketed a wide range of DYNEEMA® trademarked products in the U.S., Europe, Asia, and other regions around the world.

9. DSM owns various DYNEEMA® trademark registrations around the world, including U.S. Trademark Registration No. 3123827; Registration No. 3465125; Registration No. 3667105; and Registration No. 2078586. These registered DYNEEMA® trademark rights date back to as early as 1984.

10. The above trademark registrations are prima facie evidence of DSM's ownership and exclusive right to use and license the mark DYNEEMA® in commerce and are constructive notice of DSM's ownership thereof, all as provided by §§ 7(b) and 22 of the Lanham Act.

11. DSM also owns and enjoys common law trademark rights in its DYNEEMA® marks by virtue of DSM's (including its licensees') use, advertising and promotion of those marks throughout the United States, which rights are superior to any rights which Magid may claim in and to the name or mark DYNEEMA® (or variations thereof).

12. DSM (including its licensees) has expended substantial amounts of money, time, and effort to promote and license the DYNEEMA® trademarked products. By virtue of those efforts and expenditures and the maintenance of high quality standards by DSM and its licensees, the mark DYNEEMA® has become well and favorably known to purchasers of the goods and others, as an exclusive indication of origin in DSM and its licensees.

13. A depiction of some of the goods sold under the DYNEEMA® brand and trademark can be seen on DSM's website, www.dyneema.com.

14. As a result of DSM's careful manufacturing and meticulous quality control, and the careful manufacturing and meticulous quality control of it licensees and their extensive nationwide sales, advertising and promotional activities, DSM and its licensees have established an outstanding reputation in the minds of customers, vendors and others regarding the high quality goods sold under the DYNEEMA® mark.

15. By virtue of that reputation and the extensive, continuous and exclusive use, policing and promotion of the DYNEEMA® trademark by DSM and its licensees, and by virtue of the arbitrary, fanciful or "coined" nature of the DYNEEMA® mark, that trademark is, and/or has become, "strong," famous, and distinctive, both inherently and with respect to the goods.

16. Without DSM's authorization or consent, Magid has been selling and/or offering to sell cut-resistant work gloves using DSM's DYNEEMA® trademark in Virginia and in various other parts of the United States.

17. Examples of Magid's wrongful advertising and promotion of their gloves in the United States under DSM's DYNEEMA® trademark can be seen on Magid's website, www.magidglove.com.

18. DSM has objected to Magid's improper use of the mark DYNEEMA® in connection with unlicensed products in the United States. However, to date, Magid has failed to discontinue all improper use.

1771735

19. Magid is using the trademark DYNEEMA® in connection with unlicensed cut-resistant work and safety gloves of the same kind as DSM licensees' cut-resistant work and safety gloves and/or other highly related products.

20. Magid's DYNEEMA® trademark is identical to DSM's DYNEEMA® trademark.

21. DSM's licensees' and Magid's cut-resistant gloves are sold in the same and overlapping channels of trade, i.e., through trade shows, retail distributors, via electronic websites, and/or through print advertising and promotion, to the same general class of end customers, i.e., users of cut-resistant glove products in the United States.

22. Purchasers and prospective purchasers of cut-resistant gloves and others are likely to be confused, mistaken or deceived into the belief, contrary to fact, that Magid's gloves offered under the mark DYNEEMA® emanate from and/or are in some way sponsored or approved by DSM, or are otherwise related to DSM's licensees' gloves, thereby damaging DSM, its reputation and goodwill and the strength of the DYNEEMA® trademark as a designation of exclusive origin for certain products.

23. Potential purchasers of DSM's licensees' glove products are likely to purchase Magid's gloves bearing the DYNEEMA® mark believing that they are associated in some manner with properly licensed and branded goods sold under the DYNEEMA® name and marks and vice-versa, thereby resulting in a loss of sales and revenue to DSM and its licensees, as well as an impairment of DSM's goodwill and the ability of its trademarks and trade name to act as an identifier of the source or origin of their goods.

24. DSM has no control over the quality of the goods and services sold by Magid. Because of the confusion as to source engendered by Magid's use of the mark DYNEEMA®, DSM's valuable goodwill and reputation for high quality and customer satisfaction with respect to goods sold under its DYNEEMA® mark are at the mercy of Magid and its quality control, return policies, warranty policies and general level of customer satisfaction.

1771735

25. Magid had actual knowledge of DSM's trademark DYNEEMA® when it began and/or continued its improper use of DYNEEMA on or in connection with its glove products.

26. Magid's use of DYNEEMA® on its U.S. website, www.magidglove.com, (see particularly, www.magidglove.com/dyneema_gloves.aspx) allows the term "DYNEEMA®" to be searched by internet search engines, which in turn identify and list the search results to internet searchers. This use of DYNEEMA® by Magid on its website is likely to divert and misdirect actual and potential customers from DSM's website, goods and licensees. Such use is also likely to confuse users into falsely believing that a connection exists between Magid and DSM.

27. Magid has adopted and/or used the DYNEEMA® mark in bad faith, knowing that DSM was the senior user of DYNEEMA®.

28. The infringement by Magid has been, and continues to be, willful and deliberate.

29. The goodwill of DSM's business under its DYNEEMA® mark is of significant value and has and will suffer irreparable harm to the detriment of DSM's trade reputation and goodwill should Magid's infringement be allowed to continue.

30. Magid's use of DSM's DYNEEMA® name and mark on their U.S. website (see, especially, www.magidglove.com/dyneema_gloves.aspx) is likely to continue to divert customers and potential customers away from DSM and its licensees.

31. There is a direct relationship between Magid's advertising, marketing and sales and the damage to DSM's goodwill and business reputation and an inverse correlation to the source-identifying capability of DSM's DYNEEMA® trademark and trade name. That damage, to the extent not irreparable, will require substantial expenditures for extensive corrective advertising in an amount not less than Magid's own sales, marketing and advertising expenditures in order to rectify, to the extent possible, the damage done by Magid's unlawful activities.

- 7 -

32. Magid's common law and statutory trademark and trade name infringement and false designation of origin under Section 43(a) of the Lanham Act will continue unless enjoined by this Court.

33. DSM seeks a determination from this Court of the parties' respective rights and remedies with respect to the trademark and trade name DYNEEMA® under 15 U.S.C. §§1114 – 1118 and 1125 and the Declaratory Judgment Act, including: (1) a determination that DSM owns exclusive rights to the use and registration of the mark and name DYNEEMA® in connection with any licensed cut-resistant glove products sold to consumers in the United States and that Magid's adoption and use of the DYNEEMA® mark with unlicensed goods have created no valid trademark rights on behalf of Magid; (2) an injunction against Magid's use of any mark which includes the term DYNEEMA® in connection with unlicensed glove products based on a likelihood of confusion with DSM's DYNEEMA® mark; (3) an award of Magid's profits from unlicensed products bearing or associated with the DYNEEMA® mark; (4) an award of all damages sustained by DSM as a result of Magid's infringement of DSM's trademark rights, trebled; (5) the costs of this action, including attorneys fees; and (6) the destruction of Magid's infringing unlicensed products, labels, signs, prints, packages, wrappers, and advertisements bearing the DYNEEMA® mark.

## COUNT II

### COMMON LAW UNFAIR COMPETITION, PALMING OFF, MISAPPROPRIATION, AND UNFAIR AND DECEPTIVE TRADE PRACTICES

34. This Count arises under Virginia common law.

35. DSM realleges and incorporates herein the allegations of each of the preceding paragraphs.

36. Knowing that DSM had prior and superior trademark and trade name rights to the trade name and trademark, DYNEEMA®, Magid knowingly, intentionally and with complete disregard of DSM's superior rights, misappropriated DSM's DYNEEMA® name and mark, for the purposes of

- 7 -

palming off Magid's unlicensed gloves as DYNEEMA® branded gloves or gloves allegedly containing branded DYNEEMA® fibers, knowing that their actions would confuse actual and potential customers and thereby cause substantial damage to DSM's business, business reputation and good will.

37. By committing the acts alleged herein, Magid has been guilty of palming off, unfair competition, deceptive advertising, unfair and deceptive trade practices, and misappropriation, all in violation of Virginia common law, causing DSM substantial damage to its reputation and goodwill. Magid's unlawful conduct will continue to irreparably damage DSM unless enjoined by this Court.

## COUNT III

## TRADEMARK DILUTION

38. This Count arises under Section 43(c) of the Lanham Act, 15 U.S. §1025(c).

39. DSM realleges and incorporates herein the allegations of each of the preceding paragraphs.

40. Magid's actions are diluting and destroying the distinctiveness of DSM's strong, distinctive and famous DYNEEMA® mark and are greatly diminishing and blurring the source-identifying capability of the DYNEEMA® name and marks through Magid's marketing, advertising and sales of unlicensed products in connection with the DYNEEMA® trademark.

41. As a result of Magid's conduct and actions, DSM's distinctive DYNEEMA® trademark has been diluted, blurred and diminished.

WHEREFORE, Plaintiff prays:

(a) That a preliminary and permanent injunction issue restraining Magid, its agents, servants, employees, successors and assigns and all others in concert and privity with Magid from infringement and dilution of DSM's statutory and common law trademark rights in the trademark and trade name DYNEEMA® and from their continuing violation of Sections 43(a) and (c) of the Lanham Act;

(b) That Magid be required to immediately remove all references to the name and mark "DYNEEMA®," or any colorable variation thereof, from their unlicensed products, and from their advertising and website in connection with unlicensed products.

(c) That Magid be ordered to surrender for destruction all existing unlicensed products, advertisements, labels, advertisements and other materials improperly bearing the name or mark DYNEEMA®;

(d) That Magid be required to pay over their profits on the infringing articles and to compensate DSM for the actual damages suffered by it, including, but not limited to the sums required for corrective advertising, as a result of Magid's acts of trademark and trade name infringement and dilution, unfair competition and false designation of origin, together with interest thereon pursuant to 15 U.S.C. §1117;

(e) That the damages/profits awarded be trebled or otherwise increased due to the willful and deliberate nature of Magid's actions;

(f) That Magid be compelled to pay DSM's attorneys fees, together with all costs of this suit pursuant to 15 U.S.C. §1117;

(g) That the Court determine the parties' trademark rights pursuant to 15 U.S.C.§ § 1114-1118 and 1125 and the Declaratory Judgment Act as set forth in Count I;

(h) That, pursuant to 15 U.S.C. §§1124 and 1125(b), the Court order that Magid be prohibited from importing any unlicensed goods into the United States bearing the infringing name or trademark

1771735

DYNEEMA® or any colorable imitation or variation thereof and that such information as may be necessary to accomplish this prohibition be transmitted to U.S. Customs to implement this order; and

(i) For such other and further relief as the Court deems just and proper.

Respectfully submitted,

March 14, 2011

By: _____
Robert A. Rowan
rar@nixonvan.com
Duane M. Byers
dmb@nixonvan.com
NIXON & VANDERHYE P.C.
901 N. Glebe Road, Suite 1100
Arlington, Virginia 22203
Telephone: (703) 816-4000
Facsimile: (703) 816-4100

Attorneys for Plaintiffs